IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| STANDARD CONSTRUCTORS, INC. | § § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § § § | |

# COMPLAINT

1.     This is an action under Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of race, Black, and to provide appropriate relief to Anthony Anderson, Alexander Ridley, Cameron Horton, Darrel LeFear, Michael Brown, Michael Willer, and Thomas Forney who were adversely affected by Defendant Standard Constructors, Inc.'s ("Defendant") unlawful employment practices. While employed by Defendant, Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney were subjected to different terms and conditions of employment because of their race and terminated because of their race.

## JURISDICTION AND VENUE

2.     Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights

1

Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant Standard Constructors, Inc. is a Texas corporation now doing business (and has continuously been doing business) in the State of Texas, city of Houston, and has continuously had more than 15 employees at all times relevant to this cause of action. Defendant may be served by serving its registered agent for service of process, Robert C. Gulledge, 9208 Winkler, Houston, Texas 77017.

6. At all relevant times, Standard Constructors, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney filed with the Commission charges alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit

have been fulfilled, including the filing of a timely charge of employment discrimination, and attempts to conciliate the claims.

8. Since at least May 2005, Defendant engaged in unlawful employment policies and practices in Houston, Texas in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

9. Defendant subjected Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney to different terms and conditions of employment because of their race, Black. The different terms and conditions included, *inter alia*, denial of proper tools and equipment and being referred to by racial epithets including "boy" and "Black boy" by Plant Manager Tommy Bland. Similarly situated non-Black employees were not subjected to these terms and conditions of employment.

10. Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney were terminated on October 13, 2005 because of their race, Black, and replaced by non-Black employees.

11. The effect of the practices complained of above has been to deprive Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

12. The unlawful employment practices of which the Commission complains in the preceding paragraphs were intentional.

13. The unlawful employment practices complained of in the preceding paragraphs were done with malice or with reckless indifference to the federally protected rights of Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney.

PRAYER FOR RELIEF

14. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their race, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney by providing appropriate backpay and by providing compensation for any other pecuniary losses, past and future, including out-of-pocket expenses such as job search expenses and insurance expenses in amounts to be proved at trial;

D. Order Defendant to provide Anderson, Ridley, Horton, LeFear, Brown, Willer, and Forney compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to determined at trial;

E. Order other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

F. Order Defendant to pay punitive damages, in amounts to be determined at trial,

for its malicious and reckless conduct;

G. Award pre-judgment interest and post-judgment interest on all amounts recovered;

H. Grant such further relief as the Court deems necessary and proper in the public interest;

I. Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C.  20507

s/ Aimee L. McFerren
Aimee L. McFerren
Attorney-in-Charge for Plaintiff
Kentucky Bar No.: 89912
Southern District No.: 36953
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3390
Fax: (713) 209-3402

OF COUNSEL:

s/ Jim Sacher
Jim Sacher
Regional Attorney
Rose Adewale-Mendes
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3398
Fax: (713) 209-3402